UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OLIVER CADE,

    Plaintiff,

-VS-

NAVIENT SOLUTIONS, INC.,
f/k/a SALLIE MAE, INC.,

    Defendant.

_____/

CASE NO.:

DIVISION:

## COMPLAINT

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3.    The alleged violations described in the Complaint occurred in Manatee County, Florida.

## FACTUAL ALLEGATIONS

4.    Plaintiff is a natural person, and citizen of the State of Florida, residing in Manatee County, Florida

5.    Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6.    Plaintiff is an "alleged debtor."

7.   Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8.   Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

9.   The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

10.   Plaintiff is the regular user and carrier of the cellular telephone number at issue, (941) 357-3265, and was the called party and recipient of Defendant's hereafter described calls.

11.   Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

12.   Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

13.   Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

14.   Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

15.   Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

16.   In or about 1986, Plaintiff procured a student loan with the U.S. Department of Education.

17.     In or about 2011, Plaintiff, who was unemployed at the time, was contacted by the Department of Education's Federal Student Aid Direct Loans program, and engaged in an agreement in which they would pay the Plaintiff's defaulted student loan, and Plaintiff would agree to pay the Federal Student Aid Direct Loans program if and when he had the available income do to so.

18.     At no time did Plaintiff ever provide Defendant with his aforementioned cellular telephone number.

19.     At no time did Plaintiff ever provide Defendant prior express consent to contact him on his aforementioned cellular telephone number using an automatic telephone dialing system or pre-recorded voice.

20.     In or about July of 2013, Defendant initiated its campaign of phone calls to the Plaintiff on his aforementioned cellular telephone number. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone numbers: (585) 237-7878, (570) 991-4401, (513) 605-7539, (570) 991-4401, (585) 492-8293 and (570) 991-4402.

21.     In or about August of 2013, Plaintiff answered a call from Defendant, received Defendant's pre-recorded message, followed the prompt to be connected to a live representative and informed an agent/representative of Defendant, that he did not have the money to pay them, demanded that the Defendant stop calling him.

22.     During Plaintiff's August of 2013 phone conversation with Defendant's agent/representative, Plaintiff revoked any express consent the Defendant had, or believed to have had, to place telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

3

23.     Despite Plaintiff's demands that Defendant cease calling him, Defendant made approximately three-hundred (300) phone calls to Plaintiff's aforementioned cellular telephone number from August of 2013 through the filing of this Complaint (or such time as will be established after a thorough review of Defendants' records). [Please see **Exhibit A** demonstrating a non-exclusive list of least fifty-six (56) phone calls from May 6, 2014 through August 13, 2014.]

24.     Plaintiff's conversation with the Defendant demanding an end to the harassment was ignored.

25.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having his express permission to call his aforementioned cellular telephone number.

26.     Upon information and belief, the telephone calls made by Defendant were placed using automated telephone dialing equipment, without human intervention.

27.     Defendant's corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have had.

28.     Defendant's corporate policy and procedures provided no means for the Plaintiff to have his aforementioned cellular number removed from the call list.

29.     Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

30.     Defendant has many similar complaints from consumers across the country, as those alleged in this lawsuit, by Plaintiff.

31.     Plaintiff expressly revoked consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls.

32.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

33.     Defendant violated the TCPA with respect to the Plaintiff.

34.     Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

<u>**COUNT I**</u>
**(Violation of the TCPA)**

35.     Plaintiff incorporates Paragraphs one (1) through thirty-four (34).

36.     Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

37.     Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

38.   Plaintiff incorporates Paragraphs one (1) through thirty-four (34).

39.   At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

40.   Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

41.   Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor.

42.   Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*s/Amanda Allen*
Amanda J. Allen, Esquire
Florida Bar #:  0098228
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
AAllen@ForThePeople.com
JEstrada@ForThePeople.com
Attorney for Plaintiff

# Call Log for (941) 357-3265

| Phone Number | Date & Time |
|---|---|
| 5709914401 | 2014-05-06 12:37:53.0 |
| 5709914401 | 2014-05-07 08:06:16.0 |
| 5136057539 | 2014-05-08 08:22:41.0 |
| 5709914401 | 2014-05-09 10:54:19.0 |
| 5709914401 | 2014-05-10 08:09:56.0 |
| 5136057539 | 2014-05-11 17:40:55.0 |
| 5709914401 | 2014-05-13 12:30:00.0 |
| 5709914401 | 2014-05-14 12:09:30.0 |
| 5136057539 | 2014-05-15 08:24:24.0 |
| 5709914401 | 2014-05-16 08:04:30.0 |
| 5136057539 | 2014-05-17 08:12:58.0 |
| 5136057539 | 2014-05-18 11:06:35.0 |
| 5709914401 | 2014-05-20 15:10:48.0 |
| 5709914401 | 2014-05-22 08:07:19.0 |
| 5709914401 | 2014-05-26 10:22:47.0 |
| 5709914401 | 2014-05-27 12:23:46.0 |
| 5854928293 | 2014-05-29 17:13:05.0 |
| 5854928293 | 2014-05-30 11:22:43.0 |
| 5136057539 | 2014-06-01 13:39:57.0 |
| 5854928293 | 2014-06-02 15:04:44.0 |
| 5854928293 | 2014-06-03 12:33:33.0 |
| 5854928293 | 2014-06-04 17:09:44.0 |
| 5854928293 | 2014-06-05 12:04:51.0 |
| 5854928293 | 2014-06-07 08:05:11.0 |
| 5136057539 | 2014-06-08 11:04:25.0 |
| 5854928293 | 2014-06-09 12:12:20.0 |
| 5854928293 | 2014-06-11 08:02:56.0 |
| 5854928293 | 2014-06-12 10:19:21.0 |
| 5854928293 | 2014-06-13 08:31:27.0 |
| 5854928293 | 2014-06-14 08:23:26.0 |
| 5136057539 | 2014-06-15 11:06:19.0 |
| 5854928293 | 2014-06-16 14:45:07.0 |
| 5136057539 | 2014-06-17 08:11:59.0 |
| 5709914402 | 2014-07-29 18:19:24.0 |
| 5709914402 | 2014-07-30 12:07:31.0 |
| 5709914402 | 2014-07-31 10:12:04.0 |
| 5709914402 | 2014-07-31 18:27:18.0 |
| 5709914402 | 2014-08-01 08:35:59.0 |
| 5709914402 | 2014-08-01 16:09:39.0 |
| 5709914402 | 2014-08-03 16:58:57.0 |
| 5709914402 | 2014-08-04 18:34:45.0 |
| 5709914402 | 2014-08-05 10:37:10.0 |
| 5709914402 | 2014-08-06 10:58:02.0 |
| 5709914402 | 2014-08-06 12:43:34.0 |
| 5709914402 | 2014-08-06 17:08:00.0 |
| 5709914402 | 2014-08-07 10:39:26.0 |
| 5709914402 | 2014-08-07 18:41:05.0 |
| 5709914402 | 2014-08-08 08:17:05.0 |
| 5709914402 | 2014-08-08 15:22:07.0 |
| 5709914402 | 2014-08-10 17:10:21.0 |
| 5709914402 | 2014-08-11 11:39:26.0 |



EXHIBIT
A.
tabbies

# Call Log for (941) 357-3265

| | |
|---|---|
| 5709914402 | 2014-08-11 19:00:06.0 |
| 5709914402 | 2014-08-12 08:50:41.0 |
| 5709914402 | 2014-08-12 18:58:55.0 |
| 5709914402 | 2014-08-13 16:33:38.0 |